FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIX W.[1], | No. 4:25-CV-05089-RLP |
| Plaintiff, | ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| v. | |
| FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 14. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating a medical opinion and Mr. W.'s

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 1

symptom testimony. Therefore, Mr. W.'s brief, ECF No. 13, is granted and the Commissioner's brief, ECF No. 20, is denied.

## BACKGROUND

Mr. W. was forty-five years old on the alleged onset date of October 5, 2021. Tr. 17, 32. Mr. W. did not complete high school. Tr. 98. He has performed no past relevant work. Tr. 114.

Mr. W. filed this claim for supplemental security income on October 5, 2021. Tr. 328-337. The claim was denied initially and upon reconsideration. Tr. 201-210, 212-217. A hearing occurred on July 31, 2024, at which Mr. W. testified as to his symptoms. Tr. 121-42. A vocational expert also testified at the hearing. *Id*. On August 19, 2024, the ALJ issued an unfavorable decision. Tr. 14-40. The Appeals Council denied a request for review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 2

rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If not, the analysis

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 4

proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. W. has not engaged in substantial gainful activity since October 5, 2021, the alleged onset date. Tr. 19. At step two, the ALJ found that Mr. W. has the following severe impairments: A remote history of an abdominal gunshot wound in 1994, irritable bowel syndrome/Crohn's disease, chronic neck and back pain, Post-traumatic stress disorder (PTSD); major depressive disorder, and panic disorder and personality disorder. Tr. 20. The ALJ declined to find Mr. W's diabetes mellitus to be a severe condition, instead finding it well controlled when Mr. W. took his medication. *Id*.

At step three, Mr. W. contended he met or medically equaled Listings 12.04, depressive, bipolar and related disorders, 12.06, anxiety and obsessive-compulsive

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 5

disorders, 12.08, personality and impulse-control disorders, and 12.15, trauma- and stressor-related disorders.[2] Tr. 21-23. The ALJ found Mr. W. did not satisfy the B Criteria for these listings because he had no more than a moderate limitation in the four areas of mental functioning. Tr. 22-23. The ALJ found Mr. W. did not satisfy the C criteria because he did not engage in a treatment program or highly structured setting, instead seeing a primary care physician and psychologist on a monthly basis while living independently. Tr. 23.

After finding Mr. W. did not meet or medically equal the severity of one of the listed impairments, the ALJ assessed his RFC. Tr. 24-32. With regards to Mr. W.'s own statements concerning his symptoms, the ALJ found Mr. W.'s impairments could reasonably be expected to cause his alleged symptoms, but his testimony was not entirely consistent with the medical evidence or the evidence in the record. Tr. 25-27.

---

[2] Mr. W. also contended he met or medically equaled Listings 1.15, disorders of the skeletal spine resulting in compromise of a nerve root(s), 1.21, soft tissue injury or abnormality under continuing surgical management, and 5.06, inflammatory bowel disease. Tr. 21-23. The ALJ found he did not meet or medically equal these Listings, and Mr. W. does not appear to contest these findings on appeal.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 6

The ALJ then reviewed the medical opinions provided in the record. Tr. 27-32. The ALJ found the opinions of Drs. Susan Clifford and Robert Handler generally persuasive. Tr. 27. Both doctors opined that Mr. W. could perform light work. Tr. 27-28. The ALJ found the opinion of Dr. Gerald Gardner persuasive as well. Tr. 28. Dr. Gardner opined Mr. W. could perform simple, routine tasks, with no interaction with the public and only superficial interactions with coworkers. *Id.*

The ALJ found the opinions of Drs. Patrick Metoyer, Kenneth Cole, and David Morgan unpersuasive.[3] Tr. 28-32. These medical professionals all opined that Mr. W. had various severe or marked limitations. *Id.*

The ALJ found Mr. W. had the following RFC:

[T]o perform light work as defined in 20 CFR 416.967(b) such as lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, and standing or walking for 6 hours in an 8-hour workday, except pushing or pulling with the left upper extremity is limited to frequent, but not constant. Other postural activities can be performed frequently, but climbing ladders, ropes, or scaffolds and balancing can be performed occasionally. The claimant can frequently reach overhead with the left upper extremity. The claimant should avoid concentrated exposure to respiratory irritants, is able to understand, remember and carry out simple, routine tasks, and can maintain concentration, persistence and pace on simple routine tasks for 2-hour intervals between regularly scheduled breaks. The claimant requires a predictable environment, with no interaction with the public, occasional

---

[3] The ALJ also found the opinions of Drs. Howard Atkins, William Drenguis, Holly Petaja unpersuasive, as well as those of providers Jori Hurst and ARNP Dennis Hunt. Tr. 28-32. Mr. W. does not contest these findings on appeal.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 7

interaction with coworkers, and no assembly line paced or similarly fast-paced work.

Tr. 24.

At step four, the ALJ found Mr. W. had no past relevant work. Tr. 32. At step five, the ALJ found Mr. W. capable of performing other work available in significant numbers in the national economy such as a basket filler, egg sorter, or garment sorter. Tr. 32-33. Based on these adverse findings, the ALJ determined Mr. W. has not been under a disability, as defined in the Social Security Act, from October 5, 2021, through the date of the decision. Tr. 33.

## ANALYSIS

Mr. W. does not contest the ALJ's findings on step one of the five step evaluation process. He argues the ALJ erred at step two by failing to find his diabetes mellitus to be a severe impairment. He also contends the ALJ improperly evaluated the medical opinions of Drs. Metoyer, Cole, and Morgan, and again erred by improperly rejecting his own testimony concerning his symptoms. Absent this evidence, Mr. W. asserts the ALJ erred at step three by improperly finding he did not meet or medically equal the B criteria of Listings 12.04, 12.06, 12.08, and 12.15. Mr. W. also argues the rejection of this evidence meant the ALJ formulated an incomplete RFC, and then erred at step five by finding him capable of performing work available in significant numbers in the national economy.

**A.    Severe Impairment**

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 8

Mr. W. contends the ALJ erred at step two by failing to find his diabetes mellitus to be a severe impairment.

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or a combination of impairments. *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); 20 C.F.R. §§ 416.920(a)(4)(ii), 416.921. An ALJ may find impairments or combinations of impairments to be non-severe "if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *see also* Social Security Ruling 85-28, 1985 WL 56856 (1985). Nevertheless, where, as here, the ALJ finds at step two that a claimant has a severe impairment, she proceeds to the next step in the sequential analysis. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 20 C.F.R. § 416.920(a)(4)(ii). An ALJ must consider the limiting effects of all impairments, including those that he found non-severe, when formulating the claimant's RFC. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014); 20 C.F.R. § 416.945(a)(2). Consequently, an ALJ's step two error may be harmless if the ALJ considered and properly accounted for the symptoms from the non-severe impairment at later steps. *Stout*, 454 F.3d at 1052.

Here, the ALJ considered Mr. W.'s diabetes mellitus, but did not find it to be a severe impairment as it was well controlled. Tr. 20. The ALJ went on to consider

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 9

all of Mr. W.'s impairments, severe or not, when assessing his RFC. *Id*. With respect to Mr. W.'s alleged symptoms from diabetes – recurrent stomach problems and fatigue – Mr. W. does not indicate how they should have resulted in a more limited RFC. ECF No. 13 at 7. Therefore, given that the ALJ resolved step two in Mr. W.'s favor by finding other severe impairments and considered all of Mr. W.'s medically determinable impairments in formulating the RFC, the Court does not find harmful error.

## B.    Medical Opinions

Mr. W. contends the ALJ erred by improperly rejecting the medical opinions of Drs. Metoyer, Cole, and Morgan. Mr. W. argues that had these opinions been properly credited, the ALJ would have found him to have marked or extreme limitations satisfying the B criteria for Listings 12.04, 12.06, 12.08, and 12.15.[4] He

---

[4] Mr. W.'s brief appears to contain a misunderstanding of the medical opinions provided. ECF No. 13 at 11-17. Drs. Metoyer, Cole, and Morgan did not assess whether Mr. W. met or medically equaled the B criteria for Listings 12.04, 12.06, 12.08, and 12.15 using the "mild," "moderate," "marked," and "extreme" ratings as defined under 20 C.F.R § 416.920a(c)(4). Instead, their analyses went to Mr. W.'s functional capacity. There is not a direct relationship between a "marked" or "severe" limitation within the meaning of a medical opinion and a "severe"

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 10

further contends that if the ALJ did not reject these opinions, she would have assessed greater limitations to his RFC, which in turn would have rendered him incapable of performing work available in significant numbers in the national economy at step five.

The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is

functional limitation. The doctors' opinions here do not support extreme limitations as to the B criteria as argued by Mr. W.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 11

'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

The Court reviews ALJ's findings for substantial evidence. *Id*. at 788. Substantial evidence is "more than a mere scintilla" but "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### 1. Dr. Metoyer's 2019 Opinion

Dr. Metoyer first performed a psychological examination of Mr. W. in 2019. Tr. 430-34. In 2019, Dr. Metoyer found marked limitations in Mr. W's ability to deal with the usual stress encountered in the workplace if it involved persistent activity, complex tasks, task pressure, or interacting with others. Tr. 434. The ALJ found this opinion was not persuasive for three reasons. First, it was performed more than two years prior to the alleged onset date. Tr. 29. Second, it was not supported by Mr. W.'s unremarkable presentation at the exam. *Id*. Third, it was inconsistent with Mr. W.'s normal attention, cooperative attitude, normal moor and heavier, and logical, non-pressured, goal-directed speech with normal

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 12

thought content as assessed by psychiatric professionals throughout the record. *Id*. Mr. W. contends these findings were not supported by substantial evidence.

First, Mr. W. contends that even though the 2019 examination was performed prior to the relevant period, it should nevertheless be considered persuasive as it was consistent with later exams. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Additionally, Dr. Metoyer's opinion was considered (and not fully adopted) in a prior claim which resulted in a final decision that Mr. W. was not disabled since January 22, 2018. Tr. 155. Nonetheless, the ALJ still considered Dr. Metoyer's 2019 opinion and provided additional valid reasons for finding the opinion not persuasive.

Second, Mr. W. contends the ALJ's finding of a lack of supportability is not justified by the record. The Court disagrees. Dr. Metoyer's 2019 opinion does not explain why he found the limitations he did. Some limitations appear to be directly contradicted by Mr. W.'s performance during the examination – for example, the assessed marked limitation in persistent activity and interaction with others appears to be contradicted by findings that Mr. W. was cooperative and engaged in the examination. Tr. 432-34. While some of Dr. Metoyer's findings could be interpreted to support his assessed limitations, identifying what findings support what limitations requires significant guesswork on the part of the reader. As Dr.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 13

Metoyer failed to provide support for his assessed limitations, the ALJ did not err by finding Dr. Metoyer opinion was unsupported.

Finally, Mr. W. contends the ALJ's finding of inconsistency is not supported by the record. Again, the Court disagrees. As the ALJ noted, mental health professionals repeatedly assessed Mr. W. as having normal attention, a cooperative attitude, normal mood and behavior, and logical, non-pressured, goal-directed speech. These regular assessments by mental health professionals provide an especially strong basis for the ALJ to reject Dr. Metoyer's 2019 opinion as inconsistent.

As substantial evidence supports the ALJ's findings of a lack of supportability and inconsistency, the ALJ did not err by finding Dr. Metoyer's 2019 opinion unpersuasive.

### 2.    Dr. Cole

Dr. Cole performed a psychological/psychiatric evaluation of Mr. W. in 2019. Tr. 441-48. Mr. W. refused to perform several portions of a mental status exam and did not converse much. Tr. 446-47. Mr. W. completed the WAIS-IV intelligence test, scoring in the borderline range of intellectual functioning. Tr. 447. Dr. Cole found Mr. W. had marked limitations in his ability to:

- Understand, remember, and persist in tasks by following detailed instructions;

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 14

- Perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision;

- Perform routine tasks without special supervision;

- Adapt to changes in a routine work setting;

- Ask simple questions or request assistance;

- Communicate and perform effectively in a work setting; and

- Maintain appropriate behavior in a work setting.

Tr. 445. Dr. Cole also found Mr. W. had a severe limitation in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. *Id*.

The ALJ found this opinion was not persuasive for three reasons. First, it was performed more than two years prior to the alleged onset date. Tr. 30. Second, the ALJ found Dr. Cole's limitations were not supported by the examination findings, as Mr. W. refused to complete most of the tests attempted. *Id*. Third, the ALJ found Mr. W.'s performance on the WAIS-IV and uncooperative behavior at Dr. Cole's examination inconsistent with his typically normal intelligence and cooperative behavior as assessed by other mental health professionals. *Id*.

On appeal, Mr. W. contends the ALJ's findings lack supporting evidence. As with Dr. Metoyer's 2019 opinion, Mr. W. contends that despite being occurring before the relevant period, the ALJ should have considered Dr. Cole's opinion as it

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 15

was consistent with later examinations. Mr. W. also argues the ALJ's findings of a lack of supportability and inconsistency lack support in the record.

Turning first to the timing of the examination, as stated above, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. Additionally, Dr. Cole's opinion was considered (and found to be unpersuasive for several reasons) in a prior claim which resulted in a final decision that Mr. W. was not disabled since January 22, 2018.  Tr. 155-56. Nonetheless, the ALJ still considered Dr. Cole's opinion and provided additional valid reasons for finding the opinion unpersuasive.

Turning next to the ALJ's findings on supportability, these findings are justified by substantial evidence. As the ALJ noted, Mr. W. failed to perform several tests pertaining to mood, thought process, memory, fund of knowledge, and concentration. Moreover, Dr. Cole failed to provide any explanation as to why he found the limitations he assessed. The ALJ's finding that Dr. Cole's opinions lacked support is therefore supported by substantial evidence.

Finally, the ALJ's finding of inconsistency is supported by substantial evidence. As the ALJ noted, multiple other mental health professionals assessed Mr. W. with normal intelligence and cooperative behavior. The findings of these experts are strong evidence of inconsistency with Dr. Cole's assessed limitations. Because the ALJ's findings on supportability and consistency are supported by

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 16

substantial evidence, the ALJ did not err by finding Dr. Cole's opinion unpersuasive.

    3.    Dr. Morgan

Dr. Morgan performed a psychological/psychiatric examination on Mr. W. in 2024. Tr. 923-28. Dr. Morgan found Mr. W. had marked limitations in his ability to:

- Perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision;

- Learn new tasks;

- Adapt to changes in a routine work setting;

- Make simple work-related decisions;

- Ask simple questions or request assistance;

- Communicate and perform effectively in a work setting;

- Maintain appropriate behavior in a work setting;

- Complete a normal work day and work week without interruptions from psychologically based symptoms; and

- Set realistic goals and plan independently.

Tr. 925.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 17

The ALJ found Dr. Morgan's opinion to be unpersuasive as the marked limitations he assessed were inconsistent with the record.[5] Tr. 31-32. In support of this finding, the ALJ cited to Mr. W.'s typically normal memory, thought content, and judgment as assessed by other mental health professionals. *Id*. On appeal, Mr. W. contends this finding is not supported by substantial evidence.

As stated above, the normal findings assessed by other mental health professionals provided the ALJ a strong basis to find Dr. Morgan's opinion inconsistent with the record as a whole. For that reason, the ALJ's findings on inconsistency are supported by substantial evidence, and the ALJ did not err by finding Dr. Morgan's opinion unpersuasive.

4.    Dr. Metoyer's 2022 Opinion

---

[5] The ALJ also found the opinion unpersuasive because it found Mr. W. did not provide full and accurate information related to his marijuana use. Tr. 31. While the ALJ did not elaborate on how Mr. W.'s marijuana use impacted Dr. Morgan's examination, Mr. W. does not appear to contest this finding on appeal. Regardless, any error is harmless as the ALJ's other basis for finding Dr. Morgan's opinion unpersuasive, inconsistency with the record, is supported by substantial evidence.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 18

In 2022, Dr. Metoyer performed another psychological examination of Mr. W. Tr. 621-27. This time, Dr. Metoyer found marked limitations in the following areas:

- His ability to interact with coworkers and the public due to his interpersonal challenges as a result of anxiety, PTSD, mood symptoms, psychotic symptoms, ADHD, learning disorder symptoms, and a tendency to isolate himself;

- His ability to maintain regular attendance in the workplace and complete a normal workday without interruption from mental health symptoms as a result of anxiety, PTSD, mood symptoms, psychotic symptoms, ADHD, learning disorder symptoms, and a tendency to isolate himself;

- His ability to understand, remember, and carry out complex instructions; and

- His ability to deal with the usual stress encountered in the workplace if it involves persistent activity interacting with others.

Tr. 626.

The ALJ found Dr. Metoyer's 2022 opinion unpersuasive solely on the ground that the limitation on interacting with others was unsupported by Dr. Metoyer's observations of a cooperative attitude, and inconsistent with his unremarkable presentation as assessed by mental health professionals throughout

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 19

the record. Tr. 30. While the ALJ acknowledged the other limitations assessed by Dr. Metoyer, she did not evaluate his opinion further.

Mr. W. contends the ALJ lacked substantial evidence to reject the opinion. The Court agrees. The ALJ's evaluation of the opinion is confined entirely to a single rejected limitation,[6] ignoring the other limitations Dr. Metoyer assessed. It is not clear why the ALJ rejected the entire opinion due to a single limitation's

---

[6] The ALJ's finding that Dr. Metoyer's 2022 opinion lacked supportability is not justified. Dr. Metoyer supported his assessment of a marked limitation on interacting with others with reference to Mr. W.'s significant interpersonal challenges as a result of his mental health conditions and symptoms, including his tendency to self-isolate. Tr. 626. While Dr. Metoyer also observed Mr. W.'s cooperative attitude, by focusing only on this aspect of the examination over the parts cited by Dr. Metoyer, the ALJ appears to have improperly substituted her own interpretation of Mr. W.'s performance in place of Dr. Metoyer's medical opinion. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999).

Nevertheless, the ALJ also found this limitation inconsistent with evaluations performed by other mental health professionals contained in the longitudinal record. This finding was supported by substantial evidence, and any error in finding the assessed limitation to lack supportability was harmless.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 20

inconsistency with the longitudinal record. The ALJ's failure to either provide reasons supported by substantial evidence to reject limitations or to properly incorporate them into the assessed RFC constitutes error. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). For that reason, the ALJ's evaluation of Dr. Metoyer's 2022 opinion lacks substantial evidence. Remand is required.

## C.    Symptom Testimony

Mr. W. also contends the ALJ improperly rejected his statements concerning the severity of his symptoms. Mr. W. contends that if the ALJ did not improperly reject his testimony, then she would have assessed greater limitations to his RFC, which in turn would have rendered him incapable of performing work available in significant numbers in the national economy at step five.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2 (effective October 25, 2017). "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.' " *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 21

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

At the first step, the ALJ found there was objective medical evidence of underlying impairments which could reasonably be expected to cause some of the alleged symptoms. Tr. 25. At step two, the ALJ found Mr. W.'s statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence. *Id.*

The ALJ provided the following reasons for rejecting Mr. W.'s testimony. First, the ALJ found his testimony of debilitating symptoms was inconsistent with numerous findings by medical professionals. Tr. 25-26. Second, the ALJ discounted Mr. W.'s subjective complaints because his past recorded statements with regard to his psychological state are incongruent with his reports to the Agency and his testimony. Tr. 26. Third, the ALJ found Mr. W.'s daily activities suggest that he would be capable of performing work activity within the parameters of the RFC. Tr. 26. Fourth, the ALJ determined Mr. W.'s course of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 22

treatment, and failure to pursue treatment, suggests that his symptoms may not be as severe as alleged. Tr. 27.

Mr. W. contends the ALJ improperly rejected his statements concerning the severity of his symptoms because she failed to adequately identify what statements were being rejected for what reasons. The Court agrees.[7] The ALJ must identify what testimony is being discounted, and what evidence undermines these claims. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment."). Here, the ALJ did little more to identify what statements of Mr. W.'s she discounted other than vaguely asserting his symptoms "may not be as severe as alleged." Tr. 25-26. While one might be able to infer what statements the ALJ found inconsistent with the record and why, "[i]nferred reasons fail[] to meet the specific, clear and convincing standard." *Juan*

---

[7] Beyond the ALJ's failure to adequately identify what symptom statements are being rejected, Mr. W. raises other challenges to the ALJ's treatment of his statements. As this case must be remanded for the ALJ to properly reconsider Mr. W.'s symptom claims, the Court declines to address these other challenges.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 23

*G. v. Kijakazi*, 2021 WL 5240498, at *5 (E.D. Wash. Aug. 19, 2021). The ALJ's failure to provide specific, clear and convincing reasons to reject Mr. W.'s testimony is error requiring remand.

**D.    Remedy**

Mr. W. urges the Court to remand for an immediate award of benefits. Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings to make such findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). Where the ALJ makes a legal error, but there is a need to resolve conflicting evidence and ambiguities in the record, a remand for an award of benefits is inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witnesses' testimony be credited as true without further proceedings. *Id*. at 1105-06.

Here, it is not clear from the record that the ALJ would be required to find Mr. W. disabled if the evidence was properly evaluated. Further proceedings are

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 24

necessary for the ALJ to reconsider Dr. Metoyer's 2022 opinion and Mr. W.'s symptom testimony, and conduct a new sequential evaluation.

**Accordingly, IT IS ORDERED:**

1. Mr. W.'s Brief, **ECF No. 13**, is **GRANTED**.

2. The Commissioner's Brief, **ECF No. 20**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 21, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 25